JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | EDCV 13-01198 JGB (SPx) | Date | August 7, 2013 |
|---|---|---|---|

Title  *LNV Corporation v. Kelly L Randle et al.*

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Minute Order REMANDING Action to California Superior Court or the County of Riverside (IN CHAMBERS)

### I.   BACKGROUND

On June 7, 2013, Plaintiff LNV Corporation ("Plaintiff" or "LNV") filed a complaint for unlawful detainer ("Complaint") against Defendants Kelly L. Randle and Fred Mitchell ("Defendants") and fictitious defendants in the California Superior Court for the County of Riverside.  (Not. of Removal, Exh. A, Doc. No. 1.)  On July 5, 2013, Defendants removed the action to this Court.  (Not. of Removal.)  Plaintiff filed a Motion to Remand the action back to state court on July 17, 2013.  (Doc. No. 4.)  Defendants filed a series of documents which appear to request a continuance of the hearing on Plaintiff's motion.  (Doc. Nos. 7-11.)

Since "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c); FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction"); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")  Thus, the Court independently assesses whether it has jurisdiction over this matter.  For the reasons discussed below, the Court finds that it does not have jurisdiction over the action, therefore, Defendants request for a continuance is moot.

## II. LEGAL STANDARD[1]

Removal jurisdiction is governed by statute. See 28 U.S.C. §1441. The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court."). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

## III. DISCUSSION

Defendants appear to allege several bases for removal jurisdiction. None of these bases provide the Court with subject matter jurisdiction over this action.

### A. Federal Question

Defendants claim that federal question jurisdiction exists, but do not identify any federal questions in the complaint over which the Court has original jurisdiction. In order for removal to be proper, Defendants must show that Plaintiff's "'well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" Proctor v. Vishay Intertechnology Inc., 584 F.3d 1208, 1219 (9th Cir. 2009) (quoting Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 689–90 (2006).

From the face of the Complaint, Plaintiff's only claim is for unlawful detainer, a California state law action. See Wells Fargo Bank v. Lapeen, No. C 11–01932 LB, 2011 WL 2194117, *3 (N.D. Cal. June 6, 2011) ("an unlawful detainer action, on its face, does not arise under federal law but is purely a creature of California law") (citing Wescom Credit Union v. Dudley, No. CV 10-8203 GAF (SSx), 2010 WL 4916578, *2 (C.D. Cal. Nov. 22, 2010)). Further, Plaintiff's right to relief on the unlawful detainer claim does not depend on the resolution of a substantial question of federal law. Rather, Plaintiff is entitled to judgment upon establishing that the subject property was sold in accordance with California Civil Code Section 2924 and that the requisite three-day notice to quit to Defendants was served as required by California Code of Civil Procedure Section 1161a. Evans v. Superior Court, 67 Cal. App. 3d 162, 168 (1977). Accordingly, the Complaint lacks any federal claims.

### B. 28 U.S.C. § 1444

Defendants also cite to 28 U.S.C. § 1444 as a basis for subject matter jurisdiction. That statute states that any action brought under 28 U.S.C. § 2410 in any state court may be removed

---

[1] Unless otherwise noted, all mentions of "Rule" refer to the Federal Rules of Civil Procedure.

to federal court. Section 2410 provides that the United States may be named as a party in a civil action to "foreclose a mortgage or other lien upon . . . real or personal property on which the United States has or claims a mortgage or other lien." 28 U.S.C. § 2410. Defendants contend that this action is "de facto brought by and on behalf of the United States in that LNV Corporation was acting, and is required by federal law to act, as a conduit for the Unites States in obtaining reimbursement for foreclosure losses and costs, as party and parcel of the loss guaranty from the FDIC." (Not. of Removal at 3.)

Contrary to Defendants' assertion, the United States is not named as a real party in interest in the Complaint. The sole Plaintiff, LNV, is not the United States, the FDIC, or acting on behalf of federal officers or agencies. As stated in the Complaint, LNV is a corporation authorized to do business in California. (Compl. ¶ 1.) Section 1444 therefore does not provide the Court with subject matter jurisdiction over this action.

### C. Diversity

Alternatively, Defendants appear to allege that the basis for removal is diversity jurisdiction pursuant to 28 U.S.C. § 1332. Diversity jurisdiction requires that the amount in controversy exceed $75,000 and that the action be between citizens of different states. 28 U.S.C. § 1332(a). Defendants do not allege the citizenship of the parties.

Jurisdiction, including the amount in controversy, is determined at the moment of removal. See Strotek Corp. v. Air Transp. Ass'n. of Am., 300 F.3d 1129, 1131 (9th Cir. 2002). The amount in controversy is determined from the complaint itself, unless it appears to a legal certainty that the claim is worth an amount other than that pled in the complaint. Horton v. Liberty Mut. Ins. Co., 367 U.S. 348, 354 (1961); Lowdermilk v. United States Bank Nat'l Ass'n, 479 F.3d 994, 999 (9th Cir. 2007). In its Complaint, Plaintiff alleges that its damages do not exceed $10,000, and it filed the action as a limited civil case. (See Not. of Removal, Doc No. 1.) See Cal. Code Civ. Proc. § 86 (classifying cases where the prayer is less than $25,000 as limited civil cases). Consequently, it is clear that the amount in controversy does not exceed $75,000,[2] and the Court lacks diversity jurisdiction to hear the action.

### IV. CONCLUSION

"If it clearly appears on the face of the [Notice of Removal] and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1446(c)(4). Pursuant to 28 U.S.C. § 1446(c)(4), the Court has examined the Notice of Removal and concludes that Defendants have not met their burden of establishing that this case is properly in federal court. See In re Ford Motor Co./Citibank (South Dakota),

---

[2] In an unlawful detainer action, the appropriate measure of damages is the amount sought in the complaint, not the value of the property. Federal Nat. Mortg. Ass'n v. Lemon, No. 11–03948, 2011 WL 3204344, *2 (C.D. Cal. July 26, 2011) ("[T]he appropriate damages in unlawful detainer actions remains the amount sought in the complaint, not the value of the property itself").

<u>N.A.</u>, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court."). **For the foregoing reasons, the Court REMANDS this action to California Superior Court for the County of Riverside**.

**IT IS SO ORDERED.**

JS-6